UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT M. PRAY in his capacity as Trustee of the J&J Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:10-cv-00394-JAW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS OR TO STAY**

The parties agree that the decision of another court may resolve the dispute before this Court once the other court's decision becomes final; this Court therefore grants a motion to stay this action until the other court's decision becomes final.

## I.   STATEMENT OF FACTS

### A.   The Trust's Complaint

On September 20, 2010, Robert M. Pray in his capacity as Trustee of J&J Trust (Trust) filed suit against the United States of America (United States), alleging that the United States had filed two liens—the "Arthur Lien" and the "Beverly Lien"—against Trust property, that there is no legal basis for either lien, and that the liens constitute clouds upon the Trust's title to the property. *Compl.* (Docket # 1). The Trust claims it "is entitled to a declaratory judgment declaring that neither the Arthur Lien nor the Beverly Lien encumbers the Trust Property." *Id.* ¶ 21. More specifically, it seeks an order "declaring that the liens recorded by the Internal Revenue Service against J&J Trust as nominee for Arthur Dalton Jr. and

Beverly Dalton are ineffective and null and void and are effectively discharged as to the Trust Property." *Id.* at 2.

### B. The United States' Motion

On November 22, 2010, the United States filed a motion to dismiss or to stay the Trust's Complaint. *Def.'s Mot. to Dismiss or Stay Action* (Docket # 5) (*Def.'s Mot.*). The United States represented that on September 23, 2010, the United States Tax Court "issued an opinion in *Arthur Dalton, Jr. and Beverly Dalton v. Commissioner of Internal Revenue*, Docket No. 23510-06L, an action brought pursuant to 26 U.S.C. § 6330 seeking judicial review of the Internal Revenue Service's determination concerning collection with respect to each of the petitioners sustaining levy action." *Id.* at 1-2 (citing *Dalton v. Comm'r*, 135 T.C. No. 20, 2010 WL 3719274 (2010)). It represented that the Tax Court "held that the Internal Revenue Service's determination to proceed with a levy was an abuse of discretion because the IRS rejected the Daltons' offer-in-compromise on the basis that it did not include a nominee interest in the Poland, Maine property held by J&J Trust." *Id.* at 2. Further, the United States stated that the Tax Court "determined that J&J Trust is not a nominee of Arthur and Beverly Dalton under Maine law and held that J&J Trust is not the Daltons' 'nominee under the Federal factors analysis.'" *Id.*

The United States further indicated that "[a]n order and decision will be entered for the petitioners in *Dalton v. Commissioner* based on the September 23rd opinion." *Id.* The United States said that the "decision will become final upon the expiration of the time allowed for filing a notice of appeal, if no such notice is filed

within that time." *Id.* Noting that a notice of appeal must be filed within ninety days after the decision is entered, the United States suggested that "[o]nce the Tax Court decision becomes final, under the doctrine of collateral estoppel, the United States will be bound by the Tax court's determination of the nominee issue" and as "the Tax Court has decided the one issue raised by the complaint in this action, that is whether J&J Trust is a nominee of Arthur and Beverly Dalton, in the interest of judicial economy, this action should be dismissed or stayed pending a final decision in *Dalton v. Commissioner*." *Id.* at 2-3.

C. **The Trust's Response**

The Trust objects to the United States' motions. *Pl.'s Opp'n to Def.'s Mot. to Dismiss or Stay Action* (Docket # 6) (*Pl.'s Opp'n*). The Trust says that although it agrees that the United States will be bound by the final decision of the Tax Court, it disputes whether the Tax Court decision will be dispositive of this case regardless of its outcome. *Id.* at 1. The Trust points out that it is not a party to the Tax Court case, will not be bound by its decision, and will have no legal right to enforce it. *Id.* at 1-2. More significantly from the Trust's perspective, the Tax Court decision will not give the Trust the relief it seeks, namely a judicial determination that the Dalton liens do not extend to the Trust property. *Id.* at 2. Revealing his case strategy, the Trust divulges that when the Tax Court decision becomes final, it intends to "use the Tax [Court] decision to establish the factual predicate necessary for obtaining his requested relief" and to file a motion for summary judgment to obtain a declaratory judgment. *Id.* at 2. Once the Tax Court decision becomes final,

3

the Trust fully intends, it says, to press against the United States the doctrine of collateral estoppel or issue preclusion and demand a declaratory judgment in accordance with the decision. *Id.* at 2-4.

### D. The United States' Reply

In its Reply, the United States observes that an "order and decision will be entered for the petitioners in *Dalton v. Commissioner* based on the September 23rd opinion." *Reply to Pl.'s Opp'n to United States' Mot. to Dismiss or Stay Action* at 2 (Docket # 7). The United States notes that, although the Trust contends the Tax Court decision will become final upon entry, this is incorrect because the United States will have ninety days following the entry of the decision to appeal, and if the United States appeals, the decision will only become final upon the expiration of the time allowed for filing a petition for certiorari, upon affirmance of the Tax Court decision, or upon the United States' determination not to file a petition for certiorari. *Id.* at 3. The United States contends that "[a] party seeking to invoke the doctrine of issue preclusion needs to establish that the issue has been 'determined by a valid and binding final judgment.'" *Id.* (quoting *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 51 (1st Cir. 1997)).

### E. Status Report

In late March, 2011, the Court requested an update on the Tax Court case, and in response, counsel filed a joint Status Report. *Status Report* (Docket # 8). The Status Report confirmed that although the Tax Court issued its *Dalton* decision on September 23, 2010, as of March 28, 2011, the Tax Court had not yet entered its

decision and consequently, the ninety day appeal period had not yet begun to run. *Id.* at 1.

## II. DISCUSSION

Having reviewed the memoranda, the Court is not clear what the immediate dispute is about. The Trust argues that the United States must be bound by the final decision of the Tax Court and to prove this point, it reveals that it intends to file a motion for summary judgment, demanding that the United States accede to the Tax Court determination. But in its motion, the United States conceded that it will be bound by the final determination of the Tax Court. So it seems that the Trust is picking an unnecessary fight.

The United States' only point is that the Tax Court decision is not yet final and the United States will not be collaterally estopped until it is. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970); *Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 89 (1st Cir. 2007) (stating that among the requirements for collateral estoppel or issue preclusion is "a valid and final judgment"). The Trust offers no real counterpoint to the notion that it cannot hold the United States to a court decision that is not yet final.

The answer seems obvious. There are many good reasons one court will not interfere with a pending action in another one, and will not litigate an issue that has been or may be resolved elsewhere. Here, it appears the parties agree that once the Tax Court decision becomes final, it may well conclusively resolve their dispute. The only reasonable course of action is for this Court to stay this action until the

Tax Court ruling becomes final. However, rather than simply allow the matter to disappear, the Court will require counsel to file periodic status reports on the Tax Court action and once the Tax Court decision becomes final, the Court will confer with counsel as to the proper next step in this case.

## III. CONCLUSION

The Court GRANTS the United States of America's Motion to Stay this action until the September 23, 2010 decision of the United States Tax Court in the matter of *Arthur Dalton, Jr. and Beverly Dalton v. Commissioner of Internal Revenue Service*, Docket No. 23510-06L becomes final; the Court DISMISSES the United States of America's Motion to Dismiss without prejudice (Docket # 5). The Court further ORDERS counsel to file with the Court a report concerning the status of the Tax Court case of *Dalton v. Commissioner* every six months from April 1, 2011 onward and, in any event, to apprise the Court within seven days after this Tax Court case becomes final.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2011